UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHEM SPORTS, LLC, and GRIFFIN GLOBAL PRODUCTS, LLC<br><br>Plaintiffs,<br><br>v.<br><br>UNDER THE WEATHER, LLC and ERIC PESCOVITZ, an individual,<br><br>Defendants. | C.A. No. 17-596<br><br>**COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF**<br><br>**JURY TRIAL DEMANDED**<br><br>**April 11, 2017** |

Plaintiffs Anthem Sports, LLC and Griffin Global Products, LLC (together, "Anthem"), for their complaint for tortious interference, unfair competition, and declaratory relief as to Defendants Under the Weather, LLC and Eric Pescovitz (together, "UTW"), allege as follows:

**NATURE OF THE ACTION**

1.  This is a declaratory judgment action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. and the Patent Laws of the United States, 35 U.S.C § 1 *et seq*. Anthem seeks a declaration of invalidity and noninfringement of U.S. Patent Nos. D776,779 ("the '779 Patent"), D776,778 ("the '778 Patent"), D776,777 ("the '777 Patent"), D725,735 ("the '735 Patent"), D711,998 ("the '998 Patent"), D711,997 ("the '997 Patent"), D711,996 ("the '996 Patent"), D691,690 ("the '690 Patent"), D691,689 ("the '689 Patent"), and D691,688 ("the '688 Patent") (collectively, the "Patents-in-Suit"). True and correct copies of the Patents-in-Suit are attached hereto as Exhibit A. This action further arises under the Lanham Act, 15 U.S.C. § 1051 *et seq*. and the laws of the State of Connecticut.

## PARTIES

2. Plaintiff Anthem Sports, LLC is a limited liability company duly organized and existing under the laws of the State of Connecticut, with its principal place of business located at 2 Extrusion Dr., Pawcatuck, Connecticut 06379. Anthem Sports, LLC is a family-owned business and premier nationwide distributor of brand name sporting goods and equipment, with over 200 years of combined industry experience. Anthem Sports, LLC primarily does business online through its website and engages in significant advertising and marketing efforts through its social media accounts.

3. Plaintiff Griffin Global Products, LLC is a limited liability company duly organized and existing under the laws of the State of Connecticut, with its principal place of business located at 2 Extrusion Dr., Pawcatuck, Connecticut 06379. Griffin Global Products, LLC develops, manufactures, and imports sporting goods and equipment.

4. Upon information and belief, Defendant Under the Weather, LLC is a limited liability company organized and existing under the laws of the State of Ohio, with a principal place of business located at 5218 Wooster Road, Cincinnati, Ohio 45241.

5. Upon information and belief, Defendant Eric Pescovitz is a principal of Defendant Under the Weather, LLC and is a resident of the State of Ohio, residing at 5600 Graydonmeadow Lane, Cincinnati, Ohio 45243.

6. Upon information and belief, Under the Weather, LLC and/or Eric Pescovitz are currently the exclusive owners of all rights, titles, and interests in and to the Patents-in-Suit.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35

U.S.C. § 1 and the Lanham Act, 15 U.S.C. § 1051, *et seq.*, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202.  This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

8. This Court has personal jurisdiction over UTW under the laws of the State of Connecticut because, upon information and belief, UTW regularly conducts business in this judicial district by selling and offering to sell its products to Anthem and directly to residents of Connecticut and in this judicial district, including without limitation through its fully interactive e-commerce website that is accessible to residents of this State.  Specifically, UTW has sold products allegedly covered by the Patents-in-Suit nationwide, including to residents of this State and judicial district.  Further, UTW regularly traveled to Connecticut to develop and conduct a business relationship with Anthem with respect to products allegedly covered by the Patents-in-Suit.  UTW and Anthem ultimately entered into an agreement in this State and judicial district whereby Anthem would be the exclusive online distributor for UTW's products allegedly covered by the Patents-in-Suit.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND

*The Prior Relationship between Anthem and UTW*

10. The Patents-in-Suit purport to claim certain rights in designs for personal enclosures that protect the user from weather while watching sporting events ("UTW Personal Enclosure").

11. At the time UTW first began selling the UTW Personal Enclosures, UTW was unable to garner interest in the market and struggled to make appreciable sales.

12. In or around the fall of 2014, Anthem became aware of the UTW Personal Enclosures and approached UTW to establish an exclusive online distribution relationship.

13. Through Anthem's extensive efforts in early 2015, the UTW Personal Enclosures gained traction in the marketplace and became commercially successful. Both Anthem's and UTW's sales of the UTW Personal Enclosures substantially increased during this time.

14. UTW traveled to Connecticut on numerous occasions to discuss the formation of a business relationship with Anthem to further build the market and enhance sales of the UTW Personal Enclosures. UTW and Anthem ultimately entered into an agreement in Connecticut whereby Anthem would be the exclusive online distributor of UTW Personal Enclosures other than UTW, who would continue to sell UTW Personal Enclosures online.

15. UTW suggested the formation of a partnership with Anthem with respect to the UTW Personal Enclosures and requested that Anthem create an outline of the partnership's terms. Anthem drafted an outline and further created an application to pitch the UTW Personal Enclosures on the ABC show, Shark Tank. UTW never responded to Anthem's partnership term outline, and the discussions between the parties faded.

16. Following the commercial success of the UTW Personal Enclosures, UTW raised the prices for the UTW Personal Enclosures sold to Anthem such that it no longer became commercially feasible for Anthem to purchase and sell the product.

17. Anthem desired to continue to offer personal enclosure products to its sporting goods customers and decided to source pods from a different producer. Locating a different manufacturer, Anthem began offering personal enclosure products (the "Anthem Pods") that Anthem ensured would not infringe any valid or enforceable claim of the Patents-in-Suit.

*UTW's Threats of Infringement*

18. UTW recently sued another personal enclosure product supplier, Above & Beyond Balloons, Inc., for infringement of four of the Patents-in-Suit in the Southern District of Ohio. *Under the Weather, LLC v. Above & Beyond Balloons, Inc.*, No. 1:17-cv-39 (S.D. Ohio). A true and correct copy of the complaint is attached hereto as Exhibit B. Specifically, the complaint against Above & Beyond Balloons, Inc. alleges that UTW's personal enclosure "innovations have been the subject of widespread imitation by its competitors who have attempted to capitalize on [UTW]'s success. One such imitator is Above & Beyond, which markets and sells a pop-up pod that copies [UTW]'s inventive design . . . in violation of [UTW]'s intellectual property rights." *Id*. ¶ 3.

19. Through its actions, UTW has shown that it believes Anthem to be another such competitor that is allegedly infringing upon UTW's rights in the Patents-in-Suit. On or about April 7, 2017, one of UTW's principals left a voicemail for one of Anthem's principals, threatening a patent infringement lawsuit against Anthem and an overseas company that UTW mistakenly believed to be supplying Anthem the following week.

20. The voicemail stated as follows:

> Hey Mark, it's Rick; just got an email from Anthem with your new products. I shouldn't sound surprised, I assume that's how you work. I just letting you know, and you can tell your friend Shanghai Eversuccess as well, they will be sued as well as you, I have the patent on that design, so, and if you think I'm kidding, <u>there will be a lawsuit for you next week</u>. Just letting you know.

21. To market the Anthem Pods, Anthem has employed various forms of social media, including Facebook. Customers have expressed significant interest in purchasing the Anthem Pods on Anthem's Facebook page. *See* Exhibit C.

22. On numerous occasions and without justification, UTW or its representatives have responded to customer comments indicating a desire to purchase Anthem Pods by stating, for example, that "[t]hese are illegal knockoffs and very poor quality. The legal ones are only available at undertheweatherpods.com;" "these are illegal knockoffs – only place to purchase is undertheweatherpods.com. They were on sharktank last night;" and "[t]hese are complete knock offs. If you want quality and the real original product go to the page Under the Weather." *See* Exhibit D.

23. UTW has made threats against Anthem, its supposed supplier, and customers that the Anthem Pods allegedly infringe one or more claims of the Patents-in-Suit.

24. Anthem alleges that the manufacture, use, sale, offer for sale, or importation of the Anthem Pods do not infringe any valid or enforceable claim of the Patents-in-Suit under 35 U.S.C. § 271, whether directly, contributorily, through the doctrine of equivalents, or otherwise.

25. Anthem further alleges that Patents-in-Suit are invalid because they fail to meet the conditions of patentability of otherwise comply with one or more of 35 U.S.C. § 100 *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

26. An actual justiciable case or controversy exists between Anthem and UTW with respect to their dispute over infringement and validity of the Patents-in-Suit.

27. UTW's manifested intent to litigate the Patents-in-Suit against Anthem, as it has done against at least one other accused infringer, threatens actual and imminent injury to Anthem that can be redressed by judicial relief, and that injury is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Absent a declaration of noninfringement and invalidity of the Patents-in-Suit, UTW's continued wrongful and baseless assertions of infringement related to the Anthem Pods will cause Anthem substantial harm.

## COUNT I
**(Declaratory Judgment of Noninfringement of the Patents-in-Suit)**

28. Anthem repeats and realleges the foregoing paragraphs as if fully restated herein.

29. There is an actual, substantial, and continuing case or controversy between Anthem and UTW concerning whether the manufacture, use, sale, offer for sale, or importation into the United States of the Anthem Pods infringe any valid or enforceable claim of the Patents-in-Suit.

30. This controversy is amenable to specific relief through a decree of a conclusive character.

31. The manufacture, use, sale, offer for sale, or importation into the United States of the Anthem Pods does not infringe any valid or enforceable claim of the Patents-in-Suit.

32. Anthem has no adequate remedy at law and is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, or importation into the United States of the Anthem Pods does not infringe any valid or enforceable claim of the Patents-in-Suit, whether directly, contributorily, or otherwise.

## COUNT II
**(Declaratory Judgment of Invalidity of the Patents-in-Suit)**

33. Anthem repeats and realleges the foregoing paragraphs as if fully restated herein.

34. There is an actual, substantial, and continuing case or controversy between Anthem and UTW concerning whether the claims of the Patents-in-Suit are valid under 35 U.S.C. §§ 101, 102, 103, or 112.

35. This controversy is amenable to specific relief through a decree of a conclusive character.

36. All of the claims of the Patents-in-Suit are invalid because they fail to meet the conditions of patentability or otherwise comply with one or more of the statutory requirements in 35 U.S.C. § 100 *et seq.*, including without limitation, 35 U.S.C. § 101, 102, 103, and 112.

37. Anthem has no adequate remedy at law and is entitled to a judicial declaration that the claims of the Patents-in-Suit are invalid.

## COUNT III
### (Unfair Competition, False Designations of Origin, False Description, and False Advertising – Lanham Act, 15 U.S.C. § 1125)

38. Anthem repeats and realleges the foregoing paragraphs as if fully restated herein.

39. UTW's claims that the Anthem Pods are illegal knockoffs only available for purchase from UTW have caused and are likely to continue to cause confusion, or to cause mistake, or to deceive customers into believing that Anthem and UTW are affiliated, or that certain products, goods, and services offered by Anthem are made by, sponsored by, originate with, or are affiliated with UTW, in violation of 15 U.S.C. § 1125.

40. Further, UTW's claims that the Anthem Pods are illegal knockoffs of very poor or inferior quality misrepresent the nature, characteristics, and qualities of the Anthem Pods, in violation of 15 U.S.C. § 1125.

41. UTW has thus competed unfairly with Anthem and has realized unjust profits as a result of its unfair competition in a matter to be established at trial.

42. UTW has acted with full knowledge that its representations regarding the Anthem Pods are false and with the intention to preclude fair competition in the marketplace. UTW's actions are intentional, willful, and were calculated to cause confusion, to cause mistake, or to deceive.

43. UTW's actions have caused irreparable injury to Anthem's reputation and goodwill and, unless enjoined, UTW will continue its acts of unfair competition. Anthem has no adequate remedy at law.

## COUNT IV
### (Tortious Interference with Business Expectancies)

44. Anthem repeats and realleges the foregoing paragraphs as if fully restated herein.

45. Anthem has, and will continue to, pursue business and contractual relationships with customers for the Anthem Pods. Anthem has an expectation of continued business relationships with customers for the Anthem Pods, which will provide economic advantages, revenues, and profits to Anthem. Given its customers' express enthusiasm and interest in purchasing the Anthem Pods, Anthem has a reasonable expectation of business expectancies through contracts for sales of the Anthem Pods.

46. By virtue of UTW's assertions to Anthem's customers that the Anthem Pods are illegal knockoffs, UTW is aware of Anthem's expectations regarding its pursuit of sales of the Anthem Pods to customers and the economic advantage that Anthem derives and can derive therefrom.

47. Knowing that the Patents-in-Suit are not infringed or invalid, and without having any legitimate basis for its infringement position, UTW has wrongfully and willfully asserted objectively baseless infringement claims against Anthem and customers in bad faith.

48. UTW has lodged its objectively baseless infringement claims against Anthem in bad faith to unlawfully stifle competition and prohibit Anthem from fairly competing in the marketplace for sales of the Anthem Pods that UTW has wrongfully accused of infringement.

UTW intentionally interfered with Anthem's business expectancies with malice and an intent to inflict harm on Anthem.

49. As a direct and proximate result of UTW's tortious interference, Anthem has suffered and will suffer substantial irreparable harm and damages. Further, without injunctive relief, UTW will continue to cause irreparable harm to Anthem.

## COUNT V
### (Violation of Connecticut Unfair Trade Practices Act)

50. Anthem repeats and realleges the foregoing paragraphs as if fully restated herein.

51. UTW's conduct in improperly accusing the Anthem Pods of infringement and attempting to wrongfully preclude Anthem from fairly competing is unethical, unscrupulous, unfair, deceptive, and constitutes an unfair method of competition in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a *et seq*.

52. UTW's conduct described above was intentional, knowing, willful, malicious, fraudulent, and oppressive, carried out for the purpose of competing unfairly with Anthem.

53. As a direct and proximate result of UTW's conduct, Anthem has suffered and will continue to suffer irreparable financial loss and injury to its goodwill and reputation. As a result, UTW is liable to Anthem for attorneys' fees, costs, and punitive damages under Conn. Gen. Stat. § 42-110g. Unless enjoined, UTW will continue its unlawful conduct, further injuring Anthem.

## COUNT VI
### (Common Law Unfair Competition)

54. Anthem repeats and realleges the foregoing paragraphs as if fully restated herein.

55. UTW's actions described above constitute unfair competition in violation of common law, as the aforementioned acts constitute an intentional and wrongful interference with Anthem's ability to fairly compete in the market for sales of Anthem Pods.

56. As a result, Anthem has suffered substantial damage and irreparable harm, constituting injury for which Anthem has no adequate remedy at law. Unless enjoined, UTW's acts will continue to cause Anthem to suffer irreparable harm.

WHEREFORE, Anthem requests that this Court:

A. Enter judgment that Anthem has not committed any act of infringement of any claim of the Patents-in-Suit;

B. Enter judgment that the Patents-in-Suit are invalid;

C. Temporarily, preliminarily, and permanently enjoin UTW, its officers, agents, representatives, employees, and those persons acting in concert or participation with UTW, from creating confusion, mistake, or deception with respect to the Anthem Pods;

D. Enter judgment that UTW has engaged in tortious interference with Anthem's business expectancies;

E. Temporarily, preliminarily, and permanently enjoin UTW, its officers, agents, representatives, employees, and those persons acting in concert or participation with UTW, from asserting that the Anthem Pods infringe any claim of the Patents-in-Suit or are otherwise illegal;

F. Issue a declaration that this case is exceptional and award Anthem its attorneys' fees and costs under 35 U.S.C. § 285;

G. Order UTW to pay actual damages that Anthem has suffered as a result of UTW's unfair competition and wrongful conduct;

H. Order UTW to disgorge all profits attributable to its unfair competition and wrongful conduct;

I. Grant Anthem a monetary award to account for UTW's unfair competition and wrongful conduct, including compensatory and punitive damages;

J. Grant Anthem enhanced damages, attorneys' fees, and costs;

K. Grant further equitable relief in order to enjoin the harm caused by UTW;

L. Grant Anthem prejudgment and post-judgment interest; and

M. Grant such other and further relief as this Court deems just and equitable.

## JURY DEMAND

Anthem demands a jury trial on all issues so triable.

Respectfully submitted,

By: _____

Charles I. Miller, Esq.
Federal Bar No. CT08203
The Law Office of Charles I. Miller
PMB 108, 1245 Farmington Avenue
West Hartford, CT 06107
Telephone (860) 656-6454
Facsimile  (860) 656-6179
Email: cm@lawofficecmiller.com

Barry J. Herman (*pro hac vice* to be filed)
Womble Carlyle Sandridge & Rice, LLP
100 Light Street, 26th Floor
Baltimore, MD  21202
Telephone:  (410) 545-5830

Preston H. Heard (*pro hac vice* to be filed)
Womble Carlyle Sandridge & Rice, LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 888-7366

David R. Boaz (*pro hac vice*)
Womble Carlyle Sandridge & Rice, LLP
555 Fayetteville St., Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-8124

Lisa J. Moyles
CT Jurist # 425652
Moyles & Tremblay Law, LLC
970 Beaver Dam Road
Stratford, CT 06614
Telephone: (203) 258-6675

*Counsel for Plaintiffs Anthem Sports, LLC and Griffin Global Products, LLC*