UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHEM SPORTS, LLC, and GRIFFIN GLOBAL PRODUCTS, LLC<br><br>Plaintiffs,<br><br>v.<br><br>UNDER THE WEATHER, LLC and ERIC PESCOVITZ, an individual,<br><br>Defendants. | C.A. No. 17-596<br><br>**SECOND AMENDED COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF**<br><br>**JURY TRIAL DEMANDED**<br><br>**August 11, 2017** |

Plaintiffs Anthem Sports, LLC and Griffin Global Products, LLC (together, "Anthem"), for their second amended complaint for tortious interference, trademark infringement, unfair competition, and declaratory relief as to Defendants Under the Weather, LLC and Eric Pescovitz (together, "UTW"), allege as follows:

## NATURE OF THE ACTION

1. This is a declaratory judgment action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Patent Laws of the United States, 35 U.S.C § 1 *et seq.* Anthem seeks a declaration of invalidity and noninfringement of U.S. Patent Nos. D776,779 ("the '779 Patent"), D776,778 ("the '778 Patent"), D776,777 ("the '777 Patent"), D725,735 ("the '735 Patent"), D711,998 ("the '998 Patent"), D711,997 ("the '997 Patent"), D711,996 ("the '996 Patent"), D691,690 ("the '690 Patent"), D691,689 ("the '689 Patent"), D691,688 ("the '688 Patent"), D790,026 ("the '026 Patent"), D790,023 ("the '023 Patent"), D790,024 ("the '024 Patent"), and D790,025 ("the '025 Patent") (collectively, the "Patents-in-Suit"). True and

correct copies of the Patents-in-Suit are attached hereto as Exhibit A. This action further arises under the Lanham Act, 15 U.S.C. § 1051 *et seq*. Anthem seeks a declaration of invalidity and noninfringement of U.S. Registration No. 4,106,243 ("the '243 Registration"), which purports to cover UTW's UNDER THE WEATHER mark (the "Asserted Mark"). A true and correct copy of the '243 Registration is attached hereto as Exhibit B. This action further arises under the laws of the State of Connecticut.

## PARTIES

2. Plaintiff Anthem Sports, LLC is a limited liability company duly organized and existing under the laws of the State of Connecticut, with its principal place of business located at 2 Extrusion Dr., Pawcatuck, Connecticut 06379. Anthem Sports, LLC is a family-owned business and premier nationwide distributor of brand name sporting goods and equipment, with over 200 years of combined industry experience. Anthem Sports, LLC primarily does business online through its website, through company catalogs, and engages in significant advertising and marketing efforts through its social media accounts.

3. Plaintiff Griffin Global Products, LLC is a limited liability company duly organized and existing under the laws of the State of Connecticut, with its principal place of business located at 2 Extrusion Dr., Pawcatuck, Connecticut 06379. Griffin Global Products, LLC develops, manufactures, and imports sporting goods and equipment.

4. Upon information and belief, Defendant Under the Weather, LLC is a limited liability company organized and existing under the laws of the State of Ohio, with a principal place of business located at 5218 Wooster Road, Cincinnati, Ohio 45241.

5. Upon information and belief, Defendant Eric Pescovitz is a principal of Defendant Under the Weather, LLC and is a resident of the State of Ohio, residing at 5600 Graydonmeadow Lane, Cincinnati, Ohio 45243.

6. Upon information and belief, Under the Weather, LLC and/or Eric Pescovitz are currently the exclusive owners of all rights, titles, and interests in and to the Patents-in-Suit.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 and the Lanham Act, 15 U.S.C. § 1051, *et seq.*, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202. This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

8. This Court has personal jurisdiction over UTW under the laws of the State of Connecticut because, upon information and belief, UTW regularly conducts business in this judicial district by selling and offering to sell its products to Anthem and directly to residents of Connecticut and in this judicial district, including without limitation through its fully interactive e-commerce website that is accessible to residents of this State. Specifically, UTW has sold products allegedly covered by the Patents-in-Suit and associated with the Asserted Mark nationwide, including to residents of this State and judicial district. Further, UTW regularly developed and conducted business with Anthem, a Connecticut resident, with respect to products allegedly covered by the Patents-in-Suit and associated with the Asserted Mark. UTW and Anthem ultimately entered into an agreement in this State and judicial district whereby Anthem

would be the exclusive online distributor for UTW's products allegedly covered by the Patents-in-Suit.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND

*The Prior Relationship between Anthem and UTW*

10. The Patents-in-Suit purport to claim certain rights in designs for personal enclosures that protect the user from weather while watching sporting events ("UTW Personal Enclosure").

11. At the time UTW first began selling the UTW Personal Enclosures, UTW was unable to garner significant interest in the market and struggled to make appreciable sales.

12. In or around the fall of 2014, Anthem became aware of the UTW Personal Enclosures and approached UTW to establish an exclusive online distribution relationship.

13. Through Anthem's extensive efforts in early 2015, including without limitation through social media, print catalogue, and email marketing campaigns and promotions, the UTW Personal Enclosures gained traction in the marketplace and became commercially successful. Both Anthem's and UTW's sales of the UTW Personal Enclosures substantially increased during this time.

14. UTW discussed the formation of a business relationship with Anthem to further build the market and enhance sales of the UTW Personal Enclosures. In exchange for Anthem's substantial investments in the promotion, marketing, and sales of the UTW Personal Enclosures, as well as Anthem's substantial involvement in product development, UTW and Anthem entered into an agreement in Connecticut whereby Anthem would be the exclusive online distributor of

UTW Personal Enclosures other than UTW, who would continue to sell UTW Personal Enclosures online.

15. UTW suggested the formation of a partnership with Anthem with respect to the UTW Personal Enclosures and requested that Anthem create an outline of the partnership's terms. Anthem scripted a pitch for the UTW Personal Enclosures on the ABC show, Shark Tank, and one of Anthem's principals drove Mr. Pescovitz to the Shark Tank audition and took the lead role in the presentation. UTW never responded to Anthem's partnership term outline, and the discussions between the parties faded.

16. Following the commercial success of the UTW Personal Enclosures, UTW raised the prices for the UTW Personal Enclosures sold to Anthem such that it no longer became commercially feasible for Anthem to purchase and sell the product in accordance with Anthem's agreement with UTW to be the exclusive distributor for the UTW Personal Enclosures.

17. Despite Anthem's substantial expenditure of time and resources to promote and sell the UTW Personal Enclosures – given in exchange for becoming the exclusive distributor for the products – UTW sold UTW Personal Enclosures to major sporting goods retailer DICK's Sporting Goods, who in turn offered and is offering the UTW Personal Enclosures for sale online on its website.

18. Anthem desired to continue to offer personal enclosure products to its sporting goods customers and decided to source pods from a different producer. Locating a different manufacturer, Anthem began offering all weather personal enclosure products under the trade names UnderCover™ and SportPod™, including SoloPod™, ActionPod™, TeamPod™, and BugPod™ (collectively, the "Anthem Pods") that Anthem ensured would not infringe any valid or enforceable claim of the Patents-in-Suit.

19. UTW recently, and subsequent to Anthem's adoption and use of the trademark SportPod™, began using the mark "SportsPod" to refer to multiple goods offered for sale by UTW. A true and correct copy of a screenshot from UTW's website is attached as Exhibit C. Anthem did not authorize UTW to use its SportPod™ mark, and the "SportsPod" mark is confusingly similar and likely to cause confusion, mistake, or deception as to the source or origin of UTW's goods, and is likely to cause confusion, mistake, or deception as to whether UTW's products are associated, affiliated, or connected with or approved or sponsored by Anthem.

*UTW's Threats of Infringement*

20. UTW recently sued another personal enclosure product supplier, Above & Beyond Balloons, Inc., for infringement of four of the Patents-in-Suit and for infringement of the Asserted Mark in the Southern District of Ohio. *Under the Weather, LLC v. Above & Beyond Balloons, Inc.*, No. 1:17-cv-39 (S.D. Ohio). A true and correct copy of the complaint is attached hereto as Exhibit D. Specifically, the complaint against Above & Beyond Balloons, Inc. alleges that UTW's personal enclosure "innovations have been the subject of widespread imitation by its competitors who have attempted to capitalize on [UTW]'s success. One such imitator is Above & Beyond, which markets and sells a pop-up pod that copies [UTW]'s inventive design . . . in violation of [UTW]'s intellectual property rights." *Id*. ¶ 3. Moreover, UTW alleges that Above and Beyond Balloons is infringing upon the Asserted Mark by using a variation of "Under the Weather" in its product titles. *Id*. ¶ 20.

21. UTW's Memorandum of Law in Support of its Motion to Dismiss the First Amended Complaint states that UTW "intends to file a counterclaim with any responsive pleading" as a result of Anthem's alleged infringement of UTW's "trademarks in marketing its" Anthem Pods. ECF No. 23-1 at 3-4.

22. Through its actions, UTW has shown that it believes Anthem to be another such competitor that is allegedly infringing upon UTW's rights in the Patents-in-Suit and the Asserted Mark. On or about April 7, 2017, one of UTW's principals left a voicemail for one of Anthem's principals, threatening a patent infringement lawsuit against Anthem and an overseas company that UTW mistakenly believed to be supplying Anthem the following week.

23. The voicemail stated as follows:

> Hey Mark, it's Rick; just got an email from Anthem with your new products. I shouldn't sound surprised, I assume that's how you work. I just letting you know, and you can tell your friend Shanghai Eversuccess as well, they will be sued as well as you, I have the patent on that design, so, and if you think I'm kidding, <u>there will be a lawsuit for you next week</u>. Just letting you know.

24. To market the Anthem Pods, Anthem has employed various forms of social media, including Facebook. Customers have expressed significant interest in purchasing the Anthem Pods on Anthem's Facebook page. *See* Exhibit E.

25. On numerous occasions and without justification, Mr. Pescovitz, UTW, or its representatives have responded to customer comments indicating a desire to purchase Anthem Pods by stating, for example, that "only place to get them is undertheweatherpod.com," "[t]hese are illegal knockoffs and very poor quality. The legal ones are only available at undertheweatherpods.com;" "these are illegal knockoffs – only place to purchase is undertheweatherpods.com. They were on sharktank last night;" "Yes – and it was MY idea and patent! We were on shark tank last night. Undertheweatherpods.com," in response to a customer stating that she saw the Anthem Pods online a few years ago, "You saw undertheweatherpods.com," and "[t]hese are complete knock offs. If you want quality and the real original product go to the page Under the Weather." *See* Exhibit F.

26. UTW has made threats against Anthem, its supposed supplier, and customers that the Anthem Pods allegedly infringe one or more claims of the Patents-in-Suit.

27. Anthem alleges that the manufacture, use, sale, offer for sale, or importation of the Anthem Pods do not infringe any valid or enforceable claim of the Patents-in-Suit under 35 U.S.C. § 271, whether directly, contributorily, through the doctrine of equivalents, or otherwise.

28. Anthem further alleges that Patents-in-Suit are invalid because they fail to meet the conditions of patentability of otherwise comply with one or more of 35 U.S.C. § 100 *et seq.*, including without limitation 35 U.S.C. §§ 102 and 103.

29. Anthem alleges that the Asserted Mark is invalid as a descriptive term that describes the qualities and characteristics of UTW's Personal Enclosures that has not acquired secondary meaning.

30. Anthem further alleges that it has not infringed any of UTW's purported rights in the Asserted Mark because the Anthem Pods are not sold under any marks that have caused or are likely to cause confusion, mistake, or deception as to the source or origin of any of the Anthem Pods or caused or are likely to cause confusion, mistake, or deception as to whether the Anthem Pods are associated or connected with or approved or sponsored by UTW.

31. An actual justiciable case or controversy exists between Anthem and UTW with respect to their dispute over infringement and validity of the Patents-in-Suit and the Asserted Mark.

32. UTW's manifested intent to litigate the Patents-in-Suit and Asserted Mark against Anthem, as it has done against at least one other accused infringer, threatens actual and imminent injury to Anthem that can be redressed by judicial relief, and that injury is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Absent a declaration of

noninfringement and invalidity of the Patents-in-Suit and the Asserted Mark, UTW's continued wrongful and baseless assertions of infringement related to the Anthem Pods will cause Anthem substantial harm.

**COUNT I**
**(Declaratory Judgment of Noninfringement of the Patents-in-Suit)**

33. Anthem repeats and realleges the foregoing paragraphs as if fully restated herein.

34. There is an actual, substantial, and continuing case or controversy between Anthem and UTW concerning whether the manufacture, use, sale, offer for sale, or importation into the United States of the Anthem Pods infringe any valid or enforceable claim of the Patents-in-Suit.

35. This controversy is amenable to specific relief through a decree of a conclusive character.

36. The manufacture, use, sale, offer for sale, or importation into the United States of the Anthem Pods does not infringe any valid or enforceable claim of the Patents-in-Suit.

37. The Anthem Pods do not infringe at least the '024, '779, '735, '998, and '997 Patents because they do not include a canopy feature, rendering the Anthem Pods plainly dissimilar to the ordinary observer. Other features of the Anthem Pods that differ from the claimed designs in the '024, '779, '735, '998, and '997 Patents prevent any determination that the Anthem Pods are substantially similar.

38. The ActionPod does not infringe at least the '023, '778, and '777 Patents because the ActionPod's panels have a tall pyramidal shape, rendering the ActionPod plainly dissimilar to the ordinary observer. Other features of the ActionPod that differ from the claimed designs in the '023, '778, and '777 Patents prevent any determination that the ActionPod is substantially similar.

39. The ActionPod does not infringe at least the '026, '025, '996, '690, '689, and '688 Patents because the appearance, design, and placement of the ActionPods's seams, zippers, tabs, and transparent qualities render the overall appearance of the ActionPod plainly dissimilar to the ordinary observer.

40. The TeamPod does not infringe at least the '026, '025, '023, '778, '777, '996, '690, '689, and '688 Patents because the TeamPod's panels have a large trapezoidal shape, rendering the TeamPod plainly dissimilar to the ordinary observer. Other features of the TeamPod that differ from the claimed designs in the '026, '025, '023, '778, '777, '996, '690, '689, and '688 Patents prevent any determination that the TeamPod is substantially similar.

41. The SoloPod and BugPod do not infringe at least the '026, '025, '023, '778, '777, '996, '690, '689, and '688 Patents because their panels have a rounded rectangular shape, rendering the SoloPod and BugPod plainly dissimilar to the ordinary observer. Other features of the SoloPod and BugPod that differ from the claimed designs in the '026, '025, '023, '778, '777, '996, '690, '689, and '688 Patents prevent any determination that the SoloPod and BugPod are substantially similar.

42. As further discussed below, when the designs claimed in the Patents-in-Suit and the Anthem Pods are viewed in light of the prior art's proximity to the Patents-in-Suit, the substantial differences between the Anthem Pods and the Patents-in-Suit become even more pronounced to the ordinary observer.

43. Anthem has no adequate remedy at law and is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, or importation into the United States of the Anthem Pods does not infringe any valid or enforceable claim of the Patents-in-Suit, whether directly, contributorily, or otherwise.

## COUNT II
### (Declaratory Judgment of Invalidity of the Patents-in-Suit)

44. Anthem repeats and realleges the foregoing paragraphs as if fully restated herein.

45. There is an actual, substantial, and continuing case or controversy between Anthem and UTW concerning whether the claims of the Patents-in-Suit are valid under 35 U.S.C. §§ 102 and103.

46. This controversy is amenable to specific relief through a decree of a conclusive character.

47. The Patents-in-Suit are invalid under 35 U.S.C. §§ 102 and/or 103 in light of the prior art, including without limitation the Black Pearl Tiki Tent Pop-Up Changing Room and Tanning Tent (*see, e.g.*, Exhibit G), the Pop Up Spray Tanning Tent (*see, e.g.*, Exhibit H), the Insect-a-Hide Pop-Up Shelter (*see, e.g.*, Exhibit I), U.S. App. No. 2009/0044446, U.S. Patent No. D634,932, U.S. App. No. 2006/0169310, U.S. Patent No. 7,178,538, U.S. Patent No. 7,418,919, U.S. Patent No. D559,140, U.S. Patent No. D617,841, U.S. App. No. 2007/0039640, and U.S. App. No. 2007/0193614, the '688 Patent, the '689 Patent, and the '690 Patent.

48. Anthem has no adequate remedy at law and is entitled to a judicial declaration that the claims of the Patents-in-Suit are invalid.

## COUNT III
### (Declaratory Judgment of Non-Infringement and Invalidity of the Asserted Mark)

49. Anthem repeats and realleges the foregoing paragraphs as if fully restated herein.

50. There is an actual, substantial, and continuing case or controversy between Anthem and UTW regarding the infringement and validity of the Asserted Mark.

51. Anthem's use of "all weather" is merely descriptive and not an indication of source, affiliation, connection, or association. By fairly and properly using "all weather," such non-trademark use does not infringe on any of UTW's purported rights in the Asserted Mark.

52. Anthem has not and is not currently using any terms or combination of terms in connection with the Anthem Pods, including without limitation UnderCover, SportPod, SoloPod, ActionPod, BugPod, and/or "all weather," that has caused or is likely to cause confusion, mistake, or deception as to the source or origin of any of the Anthem Pods; nor has Anthem's use of any terms or combination of terms in connection with the Anthem Pods, including without limitation UnderCover, SportPod, SoloPod, ActionPod, BugPod, and/or "all weather," caused or likely to cause confusion, mistake, or deception as to whether the Anthem Pods are associated, affiliated, or connected with or approved or sponsored by UTW.

53. The Asserted Mark is not entitled to protection because it is generic or descriptive with respect to outdoor personal enclosure products and has not acquired secondary meaning.

54. Anthem has no adequate remedy at law and is entitled to a judicial declaration that it has not infringed any of UTW's rights in the Asserted Mark and that the Asserted Mark is not protectable and invalid.

## COUNT IV
### (Unfair Competition, False Designations of Origin, False Description, and False Advertising – Lanham Act, 15 U.S.C. § 1125)

55. Anthem repeats and realleges the foregoing paragraphs as if fully restated herein.

56. Mr. Pescovitz's and/or UTW's claims that the Anthem Pods are only available for purchase from UTW and that the Anthem Pods were UTW and/or Mr. Pescovitz's idea have caused and are likely to continue to cause confusion, or to cause mistake, or to deceive customers into believing that Anthem and UTW are affiliated, or that certain products, goods, and services

offered by Anthem are made by, sponsored by, originate with, or are affiliated with UTW, in violation of 15 U.S.C. § 1125.

57. Further, Mr. Pescovitz's and/or UTW's claims that the Anthem Pods are knockoffs of very poor or inferior quality misrepresent the nature, characteristics, and qualities of the Anthem Pods, in violation of 15 U.S.C. § 1125. These statements were false and misleading at the time they were made because the objective facts will show that the Anthem Pods were not knockoffs in that they were not made or intended to be less expensive versions of the UTW Personal Enclosures. Moreover, the objective facts will show that the Anthem Pods are not of inferior or poor quality because testing can demonstrate that the Anthem Pods hold up under normal use conditions as well if not better than the UTW Personal Enclosures. Mr. Pescovitz and/or UTW knew that these statements were false or misleading at the time they were made based on information then known to them yet made such statements and representations willfully and in bad faith with the intent to unfairly compete with Anthem and cause customers to purchase products from UTW rather than Anthem. By way of example and without limitation, upon information and belief, neither Mr. Pescovitz nor UTW had obtained or inspected the Anthem Pods at the time the false and misleading claims were made, and thus could not have had any basis for the claims.

58. UTW's adoption and use in commerce of Anthem's trademark SportPod™ and/or the confusingly similar mark "SportsPod" is likely to cause confusion, mistake, or deception as to the source or origin of UTW's goods, and is likely to cause confusion, mistake, or deception as to whether UTW's products are associated, affiliated, or connected with or approved or sponsored by Anthem, which acts constitute unfair competition under 15 U.S.C. § 1125(a).

59. UTW has thus competed unfairly with Anthem and has realized unjust profits as a result of its unfair competition in a matter to be established at trial.

60. UTW has acted with full knowledge that its representations regarding the Anthem Pods are false and with the intention to preclude fair competition in the marketplace. UTW's use of "SportsPod" was made with full knowledge that it was likely to cause confusion or mistake as to the origin, sponsorship, or approval by Anthem of UTW's goods and services. UTW's actions are intentional, willful, and were calculated to cause confusion, to cause mistake, or to deceive.

61. UTW's actions have caused irreparable injury to Anthem's reputation and goodwill and, unless enjoined, UTW will continue its acts of unfair competition. Anthem has no adequate remedy at law.

## COUNT V
### (Common Law Trademark Infringement)

62. Anthem repeats and realleges the foregoing paragraphs as if fully restated herein.

63. UTW's adoption and use in Connecticut of Anthem's trademark SportPod™ and/or the confusingly similar mark "SportsPod" is likely to cause confusion, mistake, or deception as to the source or origin of UTW's goods, and is likely to cause confusion, mistake, or deception as to whether UTW's products are associated, affiliated, or connected with or approved or sponsored by Anthem, which acts constitute infringement of Anthem's valid and existing trademark rights at common law.

64. As a result, Anthem has suffered substantial damage and irreparable harm, constituting injury for which Anthem has no adequate remedy at law. Unless enjoined, UTW's acts will continue to cause Anthem to suffer irreparable harm.

# COUNT VI
## (Tortious Interference with Business Expectancies)

65. Anthem repeats and realleges the foregoing paragraphs as if fully restated herein.

66. Anthem has, and will continue to, pursue business and contractual relationships with customers for the Anthem Pods, which include the class of purchasers that have purchased or expressed interest in purchasing Anthem Pods, such as the customers identified in Exhibit E. Anthem has an expectation of continued business relationships with customers for the Anthem Pods, which will provide economic advantages, revenues, and profits to Anthem. Given its customers' express enthusiasm and interest in purchasing the Anthem Pods, Anthem has a reasonable expectation of business expectancies through contracts for sales of the Anthem Pods.

67. By virtue of Mr. Pescovitz and/or UTW's assertions to Anthem's customers that the Anthem Pods are illegal knockoffs of poor or inferior quality that can only be purchased from UTW, UTW is aware of Anthem's expectations regarding its pursuit of sales of the Anthem Pods to customers and the economic advantage that Anthem derives and can derive therefrom.

68. Knowing that the Patents-in-Suit are not infringed or invalid, and without having any legitimate basis for its infringement position, UTW has wrongfully and willfully asserted objectively baseless infringement claims against Anthem and customers in bad faith.

69. Mr. Pescovitz and/or UTW has lodged its objectively baseless infringement claims against Anthem in bad faith to unlawfully stifle competition and prohibit Anthem from fairly competing in the marketplace for sales of the Anthem Pods that UTW has wrongfully accused of infringement. UTW intentionally interfered with Anthem's business expectancies with malice and an intent to inflict harm on Anthem.

70. As a direct and proximate result of UTW's tortious interference, Anthem has suffered and will suffer substantial irreparable harm and damages. Further, without injunctive relief, UTW will continue to cause irreparable harm to Anthem.

**COUNT VII**
**(Violation of Connecticut Unfair Trade Practices Act)**

71. Anthem repeats and realleges the foregoing paragraphs as if fully restated herein.

72. Mr. Pescovitz's and/or UTW's conduct in improperly accusing the Anthem Pods of infringement and attempting to wrongfully preclude Anthem from fairly competing by making factual representations that the Anthem Pods are only available from UTW, that the Anthem Pods were their idea, and that the Anthem Pods are of poor or inferior quality is unethical, unscrupulous, unfair, deceptive, and constitutes an unfair method of competition in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a *et seq*.

73. UTW's conduct in inducing Anthem to invest significant resources and efforts in marketing and selling the UTW Personal Enclosures by promising Anthem that it would be the exclusive distributor for such products other than UTW and then selling the UTW Personal Enclosures to Dick's Sporting Goods for resale on Dick's Sporting Goods' website is unethical, unscrupulous, unfair, deceptive, and constitutes an unfair method of competition in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a *et seq*.

74. UTW's infringement of Anthem's SportPod™ mark is unethical, unscrupulous, unfair, deceptive, and constitutes an unfair method of competition in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a *et seq*.

75. UTW's conduct described above was intentional, knowing, willful, malicious, fraudulent, and oppressive, carried out for the purpose of competing unfairly with Anthem.

76. As a direct and proximate result of UTW's conduct, Anthem has suffered and will continue to suffer irreparable financial loss and injury to its goodwill and reputation. As a result, UTW is liable to Anthem for attorneys' fees, costs, and punitive damages under Conn. Gen. Stat. § 42-110g. Unless enjoined, UTW will continue its unlawful conduct, further injuring Anthem.

## COUNT VIII
**(Common Law Unfair Competition)**

77. Anthem repeats and realleges the foregoing paragraphs as if fully restated herein.

78. UTW's actions described above constitute unfair competition in violation of common law, as the aforementioned acts constitute an intentional and wrongful interference with Anthem's ability to fairly compete in the market for sales of Anthem Pods.

79. As a result, Anthem has suffered substantial damage and irreparable harm, constituting injury for which Anthem has no adequate remedy at law. Unless enjoined, UTW's acts will continue to cause Anthem to suffer irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Anthem requests that this Court:

A. Enter judgment that Anthem has not committed any act of infringement of any claim of the Patents-in-Suit;

B. Enter judgment that the Patents-in-Suit are invalid;

C. Enter judgment that Anthem has not infringed any of UTW's purported rights in the Asserted Mark;

D. Enter judgment that the Asserted Mark is invalid;

E. Temporarily, preliminarily, and permanently enjoin UTW, its officers, agents, representatives, employees, and those persons acting in concert or participation with UTW, from creating confusion, mistake, or deception with respect to the Anthem Pods;

F. Enter judgment that UTW has infringed Anthem's common law trademark rights;

G. Temporarily, preliminarily, and permanently enjoin UTW, its officers, agents, representatives, employees, and those persons acting in concert or participation with UTW, from using Anthem's SportPod™ mark or any mark confusingly similar thereto in connection with any UTW goods or services;

H. Enter judgment that UTW has engaged in tortious interference with Anthem's business expectancies;

I. Temporarily, preliminarily, and permanently enjoin UTW, its officers, agents, representatives, employees, and those persons acting in concert or participation with UTW, from asserting that the Anthem Pods infringe any claim of the Patents-in-Suit, infringe the Asserted Mark, or are otherwise illegal;

J. Grant Anthem a monetary aware to account for UTW's breach of the Exclusive Distribution Agreement, including actual, consequential, and punitive damages;

K. Issue a declaration that this case is exceptional and award Anthem its attorneys' fees and costs under 35 U.S.C. § 285;

L. Order UTW to pay actual damages that Anthem has suffered as a result of UTW's unfair competition and wrongful conduct;

M. Order UTW to disgorge all profits attributable to its unfair competition and wrongful conduct;

N. Grant Anthem a monetary award to account for UTW's unfair competition and wrongful conduct, including compensatory and punitive damages;

O. Grant Anthem enhanced damages, attorneys' fees, and costs;

P. Grant further equitable relief in order to enjoin the harm caused by UTW;

Q.  Grant Anthem prejudgment and post-judgment interest; and

R.  Grant such other and further relief as this Court deems just and equitable.

## JURY DEMAND

Anthem demands a jury trial on all issues so triable.

Respectfully submitted,

By: /s/ Charles I. Miller_____
Charles I. Miller, Esq.
Federal Bar No. CT08203
The Law Office of Charles I. Miller
PMB 108, 1245 Farmington Avenue
West Hartford, CT 06107
Telephone: (860) 656-6454
Facsimile: (860) 656-6179
Email: cm@lawofficecmiller.com

Barry J. Herman (*pro hac vice*)
Womble Carlyle Sandridge & Rice, LLP
100 Light Street, 26th Floor
Baltimore, MD  21202
Telephone:  (410) 545-5830

Preston H. Heard (*pro hac vice*)
Womble Carlyle Sandridge & Rice, LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 888-7366

David R. Boaz (*pro hac vice*)
Womble Carlyle Sandridge & Rice, LLP
555 Fayetteville St., Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-8124

Lisa J. Moyles (petition for admission to be filed)
CT Jurist # 425652
Moyles & Tremblay Law, LLC
970 Beaver Dam Road
Stratford, CT 06614
Telephone: (203) 258-6675

Telephone: (203) 258-6675

*Counsel for Plaintiffs Anthem Sports, LLC and Griffin Global Products, LLC*